### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-24-266** |
| | * | |
| **ZACHARY ALEXANDER KINNELL,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

On March 27, 2025, the Defendant, Zachary Alexander Kinnell, appeared before this Court and pleaded guilty to Counts Two and Three of the Indictment, which charged Mr. Kinnell in Count Two with Interference with Interstate Commerce by Robbery (Hobbs Act Robbery), in violation of 18 U.S.C. § 1951(a); and in Count Three with Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). He will appear before this Court for sentencing on May 27, 2025. Pursuant to written plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a sentence of not less than 120 months and not more than 141 months in the custody of the Bureau of Prisons is appropriate in this case. For the reasons discussed below, the Government respectfully recommends a sentence of 141 months imprisonment, followed by three years of supervised release, forfeiture of the firearm and ammunition involved in the offense, and restitution to the victims of Mr. Kinnell's robberies.

### I.    Background

In the summer of 2022, Mr. Kinnell and his co-conspirator, Brian Thornel Elzey, committed a spree of robberies in Maryland and Virginia. These robberies escalated to armed robberies before Messrs. Kinnell and Elzey were arrested just after midnight on August 4, 2022.

The spree included eleven completed robberies, six attempted robberies, plus the theft and transportation of a stolen vehicle across state lines. During the spree, Mr. Elzey drove Mr. Kinnell to the drive-thru window of fast-food restaurants, where Mr. Kinnell forcefully removed cash from the businesses, eventually at gun point. Mr. Kinnell pleaded guilty to Count Two, which charged an armed robbery committed on August 3, 2022. Mr. Kinnell also pleaded guilty to Count Three, which charged the brandishing of a firearm as part of this robbery. As set forth in the stipulation of facts to the plea agreement, Mr. Kinnell used a firearm in four total robberies and was the sole participant who threatened employees of the businesses with a firearm.

The facts as set forth in the Presentencing Investigation Report (PSR) contain details of the robberies. *See* ECF No. 27, PSR ¶ 9–24; ECF No. 22-1, Plea Agreement Stipulation of Facts. A summary of the armed robberies on August 3, 2022, with images from surveillance footage is included below.

### a. August 3, 2022, Business J Robbery (Count Two)

On August 3, 2022, at approximately 2:08 a.m., Messrs. Kinnell and Elzey robbed Business J, a fast-food restaurant located in Wheaton, Maryland. Mr. Elzey drove the stolen vehicle, with Mr. Kinnell in the back seat, to Business J's drive-thru window. Mr. Kinnell exited the vehicle and began to pay the cashier. When the cashier turned their back, Mr. Kinnell retrieved his firearm from his waistband with one hand and used his other hand to open the window. Mr. Kinnell directed the cashier to get back as Mr. Kinnell reached through the window, gun in hand, and removed the entire cash drawer from within Business J. Mr. Kinnell reentered the stolen vehicle with the cash drawer and Mr. Elzey drove them away. Messrs. Kinnell and Elzey stole approximately $400 from Business J.



**Ex.1 – Kinnell Brandishing Firearm during Robbery of Business J**

 

    **b.  August 3, 2022, Business K Robbery**

On August 3, 2022, at approximately 9:36 p.m., Messrs. Kinnell and Elzey robbed Business-K, a fast-food restaurant located in Laurel, Maryland.  In this instance, Mr. Elzey drove the same stolen vehicle, with Mr. Kinnell in the back seat, to Business K's drive-thru window. Mr. Kinnell exited the vehicle and began to pay the cashier, who opened the cash drawer.  The cashier then observed Mr. Kinnell handle a firearm at his waistband and the cashier retreated into the store and away from Mr. Kinnell. Mr. Kinnell then reached through the drive-thru window and removed the locked cash drawer from inside Business K.  Mr. Kinnell reentered the stolen vehicle with the cash drawer and Mr. Elzey drove away.  Messrs. Kinnell and Elzey stole approximately $150 from Business K.

3



**Ex. 2 – Mr. Kinnell Handling a Firearm During Robbery of Business K**

### c. August 3, 2022, Business L Robbery

On August 3, 2022, at approximately 10:59 p.m., Messrs. Kinnell Elzey robbed Business L, a fast-food restaurant located in Sterling, Virginia.  Mr. Elzey again drove the same stolen vehicle, with Mr. Kinnell in the back seat, to Business L's drive-thru window.  Mr. Kinnell exited the vehicle and began to pay the cashier.  As the cashier completed the transaction and handed Mr. Kinnell a receipt, Mr. Kinnell drew his firearm from his waistband far enough that the firearm was visible to the cashier. The cashier then stepped back from Mr. Kinnell and the cash drawer, and Mr. Kinnell reached through the drive-thru window and removed the locked cash drawer from inside of Business L.  Mr. Kinnell reentered the stolen vehicle with the cash drawer and Mr. Elzey drove away.  Messrs. Kinnell and Elzey stole approximately $443 from Business L.



**Ex. 3 – Mr. Kinnell Drawing the Firearm During Robbery of Business L**

### d. Defendants' Arrest

Following the robbery of Business L on August 3, 2022, Mr. Elzey drove the stolen vehicle with Mr. Kinnell back into Maryland. A little over an hour later, at approximately 12:10 a.m. on August 4, 2022, officers with the Montgomery County Police Department stopped the vehicle near Wheaton, Maryland. At the time of the stop, Mr. Elzey was in the driver's seat and Mr. Kinnell was in the rear passenger seat. A search of the Chevrolet revealed: (1) a loaded Taurus, Model G2C, 9mm caliber semi-automatic pistol in the rear passenger compartment where Mr. Kinnell was seated and next to a backpack containing Mr. Kinnell's wallet; (2) Business L's cash drawer in the footwell of the front passenger seat; and (3) Business K's cash drawer in the trunk.





**Ex. 4 – Mr. Kinnell Post-Arrest**          **Ex. 5 – Firearm Recovered Next to Mr. Kinnell**

## II.    Guidelines Calculations

The Government and the United States Probation Office agree that the total adjusted combined offense level, including three levels off for early acceptance of responsibility, is 27. PSR ¶ 111.  The minimum term of imprisonment for Count Three is seven years, imposed consecutively to the term of imprisonment for any other counts. PSR ¶ 112.  Mr. Kinnell's criminal history category is I.  PSR ¶ 115.  Therefore, the recommended range of imprisonment under the Guidelines is 70 to 87 months' imprisonment, plus 84 months' consecutive.  This results in a Guidelines range of 154 to 171 months.

However, a plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) where the parties agreed that a sentence within the range of not less than 120 months and not more than 141 months of imprisonment was appropriate in this case.  *See* ECF 22 ¶ 9.  The Government believes a downward-variant sentence is warranted, and recommends a 141 month term of imprisonment as sufficient but not greater than necessary to comply with the dictates of 18 U.S.C. § 3553(a).

## III.    18 U.S.C. § 3553(a) Factors

The Government submits that a sentence of 141 months imprisonment, followed by three years of supervised release, forfeiture of the firearm and ammunition involved in the offense, and

a restitution order to the victims in this case would be sufficient but not greater than necessary, given the facts and circumstances of this case and the § 3553(a) factors.

### a. The Nature and Circumstances of the Offense

The nature and circumstances of this offense are serious. As detailed in the plea agreement and above, Mr. Kinnell committed eleven robberies, including at least four armed robberies, between July 28, 2022, and August 3, 2022. During those robberies Mr. Kinnell was the primary aggressor—in each robbery he was the one to forcefully remove the cash drawer from the business and, at the end of the string, was the one who brandished a firearm on four separate occasions to forestall any resistance as he took what he wanted. The number of attempted and completed commercial robberies is startling, but the casual escalation to armed robberies over the course of less than a week is unacceptably dangerous to potential victims, uninvolved third parties, and the Defendant himself. This conduct merits serious consequences when perpetrated against people working the late shift to support themselves and their families—who are earning their money the right way. The nature and circumstances of the offense warrant a sentence in excess of 141 months.

### b. The History and Characteristics of Mr. Kinnell

The Defendant has never been incarcerated before and this string appears to have been the most serious offense he has committed. While there is no history of criminal conduct or violence by the Defendant prior to this conduct, his decision to commit several gunpoint robberies, while using a stolen car, is brazen and exceedingly dangerous. The Defendant's willingness to use a firearm to take what did not belong to him, for what resulted in minimal economic gain, is also cause for alarm. However, his lack of any prior involvement in the criminal justice system, while accounted for in the Guidelines calculations, is a mitigating factor under 18 U.S.C. § 3553(a).

**c.  The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The Government submits that a downward-variant sentence of 141 months' imprisonment is warranted to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  As described, Mr. Kinnell committed four armed robberies over the span of three days and total of 11 robberies in less than a week.  What started out as brazen thefts rapidly escalated into frightening displays of force that easily could have resulted in the wounding or death of a cashier or other victims, including the Defendants.  While the armed robberies are the most serious, the stipulated offense conduct includes each robbery.  The Defendant left so many victims in his wake.  This is not a single armed robbery. The recommended sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

The brandishing of a firearm during a crime of violence is a serious offense.  It is so serious that Congress mandated a mandatory minimum sentence of seven years, consecutive to any other sentence, for offenders convicted under 18 U.S.C. § 924(c).  Mr. Kinnell engaged in this conduct *repeatedly*, which otherwise may have resulted in higher guidelines and a longer prison term.

**d.  Need to Provide Adequate Deterrence to Criminal Conduct and Protect the Public**

The need for specific deterrence is clear—the Defendant cannot be permitted to continue down this dangerous path.  For a week in 2022, the Defendant repeatedly ignored others' safety and their sense of security so that he could steal money for himself.  However, since being charged, the Defendant has not attempted to minimize his conduct and has accepted responsibility for his actions.  That indicates that rehabilitation is achievable. The recommended sentence balances that interest with the interest in protecting the public.

A significant sentence is also needed for the purpose of general deterrence. As discussed, Mr. Kinnell's crime spree victimizing over 11 businesses and presented a serious threat to community safety. A sentence of 141 months imprisonment would send the message to those who engage in such violence that their conduct will be met with consequences commensurate with their actions.

## IV.    Restitution

The Government has contacted each of the victims in this case by mail and telephonically, and will provide to the Court the appropriate agreed-upon restitution figures and payment information for the victims at Sentencing.

## V.    Supervised Release, Forfeiture, Fine

The Government respectfully requests a term of supervised release of three years. The Government hopes that this term of supervised release, along with the supports from the USPO accompanying the Defendant's re-entry, and the knowledge that he will face potential additional imprisonment as a result of any violations, will serve as an adequate deterrent for Mr. Kinnell, while enabling him to successfully transition back into the community.

In the plea agreement, Mr. Kinnell agreed to forfeit the firearms and ammunition involved in the offense. The Government will file a preliminary order of forfeiture, and requests that forfeiture of these items be included as part of the judgment.

The Government recommends no fine in this case. There is a mandatory the $100 special assessment on Count One and Count Two.

## VI.    Conclusion

The Government respectfully submits that a 141-month term of imprisonment, three years supervised release, forfeiture of the firearms and ammunition, and restitution to the victims would be sufficient, but not greater than necessary, to satisfy the goals set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    /s/_____
Nicholas Potter
Timothy F. Hagan
Assistant United States Attorneys